IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

WHOLE HEMP COMPANY, LLC
d/b/a FOLIUM BIOSCIENCES,

    Plaintiff,

v.                                                                Civil Action No.

DALE TAKIO,

    Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Whole Hemp Company LLC d/b/a Folium Biosciences, through counsel, and seeks a Declaratory Judgment as to its rights and legal relationship with Defendant. Plaintiff states and alleges as follows:

## PRELIMINARY STATEMENT

1. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

2. Defendant Dale Takio wrongfully claims that he has a 0.25% vested equity interest in the Plaintiff Whole Hemp Company LLC d/b/a Folium Biosciences which he alleges entitles him to distributions, buy out, and other consideration.

3. Plaintiff denies Defendant Dale Takio has any vested equity interest in Whole Hemp Company LLC d/b/a Folium Biosciences and affirmatively asserts that Defendant has no equity or other interest in Whole Hemp Company LLC d/b/a Folium Biosciences, is not

   entitled under any circumstances existing to any distributions, buy out of his alleged and non-existent vested equity interest, or any other consideration.

4. Plaintiff requests this Court enter judgment declaring that Defendant Dale Takio does not have any vested equity or other interest in the Whole Hemp Company LLC d/b/a Folium Biosciences, and that Defendant Dale Takio is otherwise not entitled to any distribution, buy out, consideration, or other thing of value.

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff Whole Hemp Company LLC d/b/a Folium Biosciences ("Folium") is a Colorado limited liability company with a principal place of business located at 615 Wooten Road, Suite 110, Colorado Springs, CO 80915. Folium is a producer, manufacturer, and distributor of cannabinoid extracts ("CBD") derived from hemp. Folium supplies wholesale CBD to various companies to use in their CBD infused products.

6. Defendant Dale Takio ("Takio") is an individual with a primary residence located at 11222 Oakshore Lane, Clermont, FL 34711.

7. An actual justiciable controversy exists between Folium and Takio within the meaning of 28 U.S.C. § 2201 regarding whether Takio has a vested equity interest or any other interest in Whole Hemp Company LLC d/b/a Folium Biosciences which entitles him to distributions, buy out, and other consideration.

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of any deductible obligations, interest and costs, and the suit is between citizens/parties of different states.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## GENERAL ALLEGATIONS

10. On September 18, 2018, Folium extended an offer to Takio to become Folium's new Vice President of Business Development.

11. At the time this offer was extended, no agreement had been reached as to Takio's compensation.

12. Several days later, on September 21, 2018, Takio conditionally accepted Folium's offer. At the time of the conditional acceptance the only agreed upon term was a monthly salary of $10,000.00.

13. Terms other than the $10,000.00 per month salary were discussed, but no agreements were reached as to any other terms. Specifically, there was no agreement to offer or to give Takio any vested equity interest or other stock or ownership interest in Folium.

14. On September 28, 2018, Folium issued to Takio a Letter of Engagement (the "Engagement Letter"). The Engagement Letter set forth the proposed terms of Takio's employment with Folium. Notably, the Engagement Letter did not offer or purport to give Takio any vested equity interest, stock, or other ownership interest in Folium.

15. Takio did not execute the September 28, 2018, Engagement Letter.

16. On October 3, 2018, Takio emailed Ricardo Calzada, II, Esq., Folium Associate General ("Calzada"), to suggest revisions to the remuneration section of the Engagement Letter.

17. Takio's October 3, 2018 email discussed a proposed "stock option plan." Takio recognized that there would be some "vesting" requirement in such a plan, be it "immediate vesting,

cliff vesting, or graded vesting….." Takio requested Folium forward to him a proposed vesting schedule and a schedule for exercising stock options. In his email, Takio gave an example of a four-year vesting schedule with "25% vesting at the end of year one and $1/48^{th}$ each month thereafter for the next three years."

18. Clearly, as expressed in his October 3, 2018 email, it was Takio's expectation that if any stock option or other interest was extended to him there would be a period of time before the interest would vest.

19. The four-year vesting schedule used as an example by Takio in his October 3, 2018 email was consistent with the vesting schedules given to other similarly situated employees of Folium if they were given equity interests as part of their compensation plan.

20. The suggestions set forth in Takio's October 3, 2018 email were never agreed to by Folium or reduced to writing or agreed to and signed by the parties.

21. On October 10, 2018, Takio sent to Folium a proposed revised Letter of Engagement. The proposed revised Letter of Engagement set forth new and additional compensation and participation in a stock option plan. Notably, the proposed revised Letter of Engagement drafted by Defendant Takio proposed a "stock option vesting period" retroactive to his employment date.

22. Clearly, as expressed in his October 10, 2018 proposed revised Letter of Engagement, it was Takio's expectation that if any stock option or other interest was extended to him, there would be a period of time before the interest would vest.

23. The proposed revised Letter of Engagement was never entered or agreed to by the parties.

24. That same day, Folium sent a company-wide email to the Folium staff introducing Takio as a new member of the executive team.

25. Takio began working for Folium on October 15, 2018.

26. At the time Takio began working for Folium the only term of his employment relating to remuneration which had been agreed to by the parties was his $10,000.00 per month salary.

27. In January 2019, Takio expressed dissatisfaction with his position at Folium.

28. Takio's salary was increased to $15,000.00 per month.

29. On January 7, 2019, in an email from Kashif Shan ("Shan"), Chief Executive Officer of Folium, Folium offered Takio a promotion to Vice President of Sales and Marketing.

30. As part of the promotion, there was a series of email exchanges between Folium, CEO Shan and Takio relating to compensation and the issue of an equity interest. The discussions were limited to the issue of the amount of the equity interest that may be extended to Takio. Specifically, in a January 8, 2019 email, Shan acknowledged previously discussing an equity interest with Takio, and that Takio had "asked for 0.50% and [Shan] had countered with 0.25%...."

31. The email only addressed the prior discussions as to the amount of the interest and did not address issues relating to the type of interest, vesting of the interest, distribution or buyout.

32. The January 8, 2019 email likewise indicated that the interest discussed with Takio "was consistent with what [Folium] had given other executives that recently joined. (Ric and Chuck)"

33. The executives referred to ("Ric and Chuck") referred to Ricardo Calzada and Chuck Hickey. As part of their remuneration each had received a 0.25% equity interest vesting

over a four-year period, with no vesting prior to completion of the first year of employment. This vesting was consistent with the expectations previously expressed by Takio in his correspondence.

34. Takio had a relationship with Calzada that preexisted their employment with Folium. At one point prior to their employment with Folium, Takio even consulted with Calzada on an unrelated legal matter in another state. Takio could have at any time discussed issues relating to how the equity interest with Calzada, (which Shan had referred to and could arguably be inferred would be the type Takio would receive) actually worked and vested. Takio could have talked to Calzado on numerous occasions about this issue but failed to do so.

35. There was never an agreement to extend to Takio a 0.25% vested equity interest.

36. Takio continued to work at Folium for just over five months.

37. In June of 2019, Takio met with Shan to discuss Takio's transition out of Folium.

38. The parties agreed that Takio would receive full payment through July 31, 2019 and would be able to work remotely during the transition period. Additional details relating to the separation were to be agreed upon later.

39. On June 18, 2019, Folium informed Takio it wished to "accelerate" Takio's departure from the company, effective immediately.

40. On June 19, 2019, Takio issued to Folium a list of requirements for his departure. Takio requested that Folium buy out his equity and that his final paycheck and reimbursements be wired to his bank account.

41. There was no agreement on the part of Folium to do so.

42. Takio was terminated for cause for violation of his duty of loyalty to Folium and for engaging in conduct detrimental to the interests of the company.

43. Takio was not employed for a sufficient period of time for any purported equity interest to vest.

## CLAIM FOR RELIEF
### Request for Declaratory Judgment
### Fed.R.Civ.P. 57

44. All allegations previously stated herein are incorporated by reference.

45. There was never an agreement or "meeting of minds" between Takio and Folium to give to, offer, or extend to Takio a 0.25% vested equity interest in Whole Hemp Company LLC d/b/a Folium Biosciences.

46. It was the expectation of Defendant Takio that if such an interest were extended it would be subject to a vesting period. The correspondence between the parties demonstrate that if such an interest would have been extended it would have been subject to a four-year vesting schedule as referenced in Takio's October 3, 2018 email and the examples of the vesting schedule for the other executives referenced in Shan's January 8, 2019 email.

47. Defendant Dale Takio wrongfully claims that he has a 0.25% vested equity interest in the Plaintiff Whole Hemp Company LLC d/b/a Folium Biosciences which he alleges entitles him to distributions, buy out, and other consideration.

48. Plaintiff denies Defendant Dale Takio has any vested equity interest in Whole Hemp Company LLC d/b/a Folium Biosciences and affirmatively asserts that Defendant has no equity or other interest in Whole Hemp Company LLC d/b/a Folium Biosciences, is not

entitled under any circumstances existing to any distributions, buy out of his alleged and non-existent vested equity interest, or any other consideration.

49. This constitutes an actual justiciable controversy between Folium and Takio within the meaning of 28 U.S.C. § 2201.

50. Plaintiff requests this Court enter judgment declaring that Defendant Dale Takio does not have any vested equity or other interest in the Whole Hemp Company LLC d/b/a Folium Biosciences, and that Defendant Dale Takio is otherwise not entitled to any distribution, buy out, consideration, or other thing of value.

WHEREFORE Plaintiff hereby requests this Court:

a. Enter judgment declaring that Defendant Dale Takio does not have any vested equity or other interest in the Whole Hemp Company LLC d/b/a Folium Biosciences, and that Defendant Dale Takio is otherwise not entitled to any distribution, buy out, consideration, or other thing of value;

b. Enter judgment awarding the costs and expenses of this action;

c. Enter judgment awarding reasonable attorneys' fees; and

d. Enter such other and further relief ordered by the Court.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all issues herein.

SANDERS LAW FIRM

*s/ Robert J. Frank*
Robert J. Frank
Justin T. Bailey
31 N. Tejon Street
Suite 400
Colorado Springs, CO 80903
719/630-1556
719/630-7004
rob@rjflaw.com
justin@PerrySandersLaw.com